# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**SEAN MICHAEL YOUNG,**

**Plaintiff,**

**v.**                                                        **Case No. 26-C-523**

**OFFICER EQBEMBA, OFFICER KALT,
OFFICER THOMAS, LT. HERPEL,
LT. HEDMAN, LT. BUCHOLTZ,
LEWANDOWSKI, LT. ZABIDEAU,
AMY VAUGHN, LT. EISCAL, and
ERIC SEVERSON,**

**Defendants.**

---

## SCREENING ORDER

---

Plaintiff Sean Michael Young, who is currently a convicted prisoner being housed at the Waukesha County Jail, is representing himself in this 42 U.S.C. §1983 action. This matter comes before the Court on Young's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Young has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Young has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $28.40. Young's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

According to Young, on March 16, 2026, he was working out in the dayroom when Officer Eqbemba told him to stop. Young asserts that he told the officer he was allowed to work out in the dayroom, but Officer Eqbemba disagreed and told him he would be locked in his cell if he continued. After additional back-and-forth, Young decided to return to his cell. He then pressed his emergency call button and informed Officer Thomas and Officer Kalt that Officer Eqbemba was incorrectly telling inmates they were not allowed to work out in the dayroom.

About a half an hour later, all inmates were ordered to return to their cells. Lt. Herpel and seven other officers then arrived at Young's cell, and Lt. Herpel informed Young he was being taken to segregation. Young asserts that he and Lt. Herpel began to argue at which time, Lt. Hedman arrived and asked what happened. Lt. Hedman informed Young that if the video matched his description, he could stay in his current cell. Lt. Hedman and Lt. Herpel left to watch video footage of Young's interactions with Officer Eqbemba.

A few minutes later, Lt. Herpel returned to Young's cell and informed him he would not go to segregation but because he is suicidal, he has to be placed on observation. Young asserts that he was stunned and informed Lt. Herpel and the other officers that he had never said he was suicidal. Young asserts that he got upset and called Lt. Herpel a liar, but none of the other officers said anything. Lt. Herpel ordered the officers to use force to remove Young from his cell and take him to observation. Young asserts that the observation cell was filthy and had nothing inside but a hole for him to urinate and defecate in. Young states that his clothes were cut off of him and he was given a suicide gown to wear. According to Young, he remained there for five days, during which force was used on him four times, he was placed in a restraint chair three times, he was taken to the hospital three times (once for a head injury), and he was force-fed two times. He states that the conduct report he received for exercising in the dayroom was ultimately dismissed.

3

## THE COURT'S ANALYSIS

Young asserts that his rights were violated when he was placed on observation status despite not having ever expressed a desire to harm himself. Young states a due process claim against Lt. Herpel, the official who ordered the placement. To succeed on a due process claim, an inmate must demonstrate "(1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Young alleges that, although he was placed on observation status for only five days, the conditions were excessively harsh, which at this early stage is sufficient for the Court to infer Young possessed a protected liberty interest in remaining off of observation status. It also appears from Young's allegations that he received no process prior to the placement. Young, who is a convicted prisoner, also states an Eighth Amendment claim against Lt. Herpel based on allegations that Lt. Herpel ordered the placement only to punish Young by forcing him to live in harsh and overly restrictive conditions for no reason. *See Farmer v. Brennan*, 511 U.S. 825, 832–40 (1994).

Young does not, however, state a claim against any other staff member. As to the officers who obeyed Lt. Herpel's order to remove Young from his cell, Young asserts that they should have argued with Lt. Herpel and confirmed Young's statements that he was not suicidal. But the officers only knew what Young had said to them, not what he had said to Lt. Herpel or what other officers had informed Lt. Herpel about Young's statements before he arrived at Young's cell or while he briefly left Young's cell to review the video footage. Accordingly, it would not have been appropriate for them to undermine Lt. Herpel's authority in front of Young. Nor does Young state a claim against unspecified officers based on his vague allegations that they used "force" to remove him from his cell and that he was treated harshly during his five days in observation status. Young does not include basic information such as who he interacted with, what force was used, or what circumstances preceded the so-called harsh treatment. Without this information, the Court

4

cannot reasonably infer that his constitutional rights were violated. *Twombly*, 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Nor does Young state a claim against supervisory officials such as the jail administrator, the deputy jail administrator, and Sheriff Eric Severson. It is not clear what Young believes they did or did not do to violate his rights, but to the extent he sues them based on how they handled his grievances about this incident, it has long been held that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Moreover, the doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Finally, Young does not state a claim against Officer Eqbemba based on allegations that he incorrectly informed Young that he was not allowed to work out in the dayroom and/or wrote him a conduct report for working out in the dayroom. Violation of jail policy is not on its own a violation of the Constitution, and Young suffered no harm from receiving the conduct report as he acknowledges it was dismissed. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) (holding that, in order to succeed in a §1983 suit, a plaintiff "must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages").

**IT IS THEREFORE ORDERED** that Young's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Young states a claim *only* against Lt. Herpel, therefore the clerk's office is directed to terminate the remaining Defendants from this action.

**IT IS FURTHER ORDERED** that Young's motion to amend the complaint to add another officer as a Defendant (Dkt. No. 6) is **DENIED**.

5

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Lt. Herpel pursuant to Federal Rule of Civil Procedure 4. Young is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Lt. Herpel shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Young shall collect from his institution trust account the $321.60 balance of the filing fee by collecting monthly payments from Young's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Young is transferred to another institution, the transferring institution shall forward a copy of this Order along with Young's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Young is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

6

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Young is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 29th day of April, 2026.

William C. Griesbach
United States District Judge